CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 28 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM ALLEN JACKSON, IV,<br>Petitioner, | ) ) ) | Civil Action No. 7:09-cv-00019 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN TERRY O'BRIEN,<br>Respondent. | ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

William Allen Jackson, IV, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Jackson requests that I review his sentencing court's decisions and his counsel's performance. After initially screening the complaint, I find that the petition must be dismissed for lack of jurisdiction.

I.

Jackson alleges the following facts. Jackson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the United States District Court for the Eastern District of North Carolina subsequently sentenced Jackson on November 6, 2007, to serve 180 months incarceration. In May 2008, Jackson submitted to the district court a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The district court denied his motion, Jackson filed a notice of appeal, and the Court of Appeals dismissed his appeal for failure to prosecute. Jackson filed the instant petition on January 22, 2009, while presently incarcerated at the United States Penitentiary in Lee County, Virginia.

II.

A petitioner must file his habeas petition, pursuant to 28 U.S.C. § 2241(a), with the federal district court in the district where the petitioner is incarcerated. However, a petitioner must file his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255(e),

with the federal court that pronounced the judgment or sentence being challenged. Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate of ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate. See In re Vial, 115 F.3d at 1194 n.5.

Petitioner does not merely challenge the execution of his sentence but disputes the lawful authority of his criminal judgment and sentence. Petitioner states that he "wants to be adamantly clear that he is not attacking the statute in which he was indicted. . . nor its elements[.]" (Pet. 13.) Instead, petitioner attacks the sentencing court's decision to apply prior convictions as predicate offenses for the Armed Career Criminal penalty and claims that his counsel provided constitutionally ineffective assistance. (Pet. 16-20.) Petitioner also does not discuss any intervening substantive change in the law applicable to his case. Therefore, petitioner does not

2

satisfy the In re Jones elements, and I construe petitioner's § 2241 habeas petition as a § 2255 motion collaterally attacking his judgment and sentence. Because petitioner's § 2255 petitions must be filed with the District Court for the Eastern District of North Carolina, I do not have jurisdiction to consider his claims. Accordingly, Jackson's petition for a writ of habeas corpus is dismissed.

III.

For the foregoing reasons, I dismiss Jackson's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 28th day of January, 2009.

*Jackson L. Kiser*
Senior United States District Judge